## MYRTLE SMITH v. STATE.

No. A-763.    Opinion Filed November 16, 1911.

(118 Pac. 676.)

BAIL—Criminal Prosecutions—Right of Defendant.    Where an appeal
is pending in this court, and the appellant has not given bond,
but is confined in jail pending the termination of said appeal,
and it is made to appear to the satisfaction of the court that
the health of the appellant is such that further confinement will
endanger the life of the appellant, and that the appellant is
unable to give bond, and that the ends of public justice will not
be endangered thereby, this court will ,admit the appellant to
bail upon his or her own recognizance.

(Syllabus by the Court.)

*Appeal from Superior Court, Pittsburg County.*

Myrtle Smith was convicted of manslaughter, and appeals.
Heard on motion for bail.   Granted.

*J. H. Wilkins*, for the motion.

*Smith C. Matson*, Asst. Atty. Gen., for the State.

FURMAN, P. J.   The appellant is now confined in the coun-
ty jail of Pittsburg county, Okla., pending an appeal to this court
from a conviction for manslaughter rendered against her in
the superior court of Pittsburg county.   She now applies to be
admitted to bail upon her own recognizance, upon the ground
that she is a pauper and is unable to give any bond at all; that
she is now a confirmed invalid, suffering from cancer of the
uterus; that she is confined to her bed and in a critical condition,
and is advised by her physicians that she can live but a short
time; that while she is unable to give bond yet she has some
friends who are willing to care for her.

In support of this motion the following certificates have been
filed:

"After several examinations and observations of Myrtle
Smith, who is now in the county jail, at McAlester, pending the
action of the Criminal Court of Appeals in her case, I feel con-
fident that she has a cancer of the uterus.   Her condition is such

that humanity demands that she should be released. It is my opinion that she has only a short time to live. I feel that if she was released on her own recognizance that she could not get away if she tried, and I am certain that she would return if commanded to do so by the court. Yours truly, [Signed] W. C. Graves, M. D."

"I have been treating the above prisoner for the last two years, and I fully concur in the above certificate. Yours truly, [Signed] J. A. Smith, M. D., County Jail Physician."

"To the Criminal Court of Appeals, Oklahoma—I have carefully read the motion of Myrtle Smith, a prisoner now sick and confined to her bed in the Pittsburg county jail, asking to be released upon her own recognizance pending her appeal from a conviction for manslaughter in the superior court of Pittsburg county, and I have also examined the certificates of Drs. Graves and Smith, who are reputable physicians of this city as to her present condition; I have also talked with the county sheriff and jailer as to her condition and from all these sources and my own observations and for humanity's sake I suggest there is no objection here to the granting of such order as that prayed for. I feel sure that defendant's condition is serious and if not relieved soon that she will only live a short time. Respectfully, [Signed] Robert Tarter, County Attorney."

"I hereby concur with Mr. Tarter, county attorney, in the above suggestions, this 13th day of November, 1911. [Signed] D. J. Tatum, Sheriff Pittsburg County."

"Hon. Henry M. Furman, Oklahoma, Okla. — My Dear Judge: Mr. J. H. Wilkins, an attorney at this bar, who represents Myrtle Smith, convicted in this court of manslaughter, and sentenced to a term of eight years in the penitentiary, and who has an appeal pending in the Criminal Court of Appeals of this state, has requested that I write you relative to the motion he has filed in the Criminal Court of Appeals to allow her to be discharged from jail on her own recognizance. The physicians who make affidavit as to the physical condition of Myrtle Smith are reputable physicians of this city. On account of the condition of the appellant in this case I feel that in making this statement to you I am not overstepping the line of my duty, and am writing this letter simply for the purpose of calling the matter to your attention. With kindest personal regards, I am, yours respectfully, [Signed] W. C. Liedtke, Superior Judge Pittsburg County."

Upon this showing humanity calls for the release of appellant and, as it is clear that public justice will not be endangered

thereby, it is ordered by the court that the sheriff of Pittsburg county admit the appellant to bail in the sum of $2,500 upon her own recognizance, pending the termination of this appeal.

ARMSTRONG and DOYLE, JJ., concur.